BRUCE A. MIROGLIO (S.B.#104716)
KENNETH G. ENGLISH (S.B.#232968)
GAW, VAN MALE, SMITH, MYERS & MIROGLIO
A Professional Law Corporation
1000 Main Street, 3rd Floor
Napa, California 94559
(707) 252-9000
Fax: (707) 252-8721
E-mail: miroglio@gawvanmale.com

Attorneys for Plaintiff AWG, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SBA

| | |
|---|---|
| AWG, LTD., Plaintiff, vs. STANDARD REGISTRAR & TRANSFER COMPANY, INC., Defendant. | Case No. C 06 1521 COMPLAINT |

BY FAX

Plaintiff AWG, LTD. alleges, as follows:

JURISDICTION AND VENUE

1. Plaintiff AWG Ltd., ["AWG"] is a Nevada corporation with its primary place of business in Napa County, California.

2. Upon information and belief, Defendant Standard Registrar & Transfer Company, Inc. ["Standard"], is a corporation licensed under the laws of the State of Utah.

3. This action arises under Title 17 of the Securities Exchange Act of 1934, 15 U.S.C. §78a *et seq.* [the "Exchange Act"], in particular, SEC Reg. §240.17Ad-10(g)(1) (17 C.F.R. §240.17Ad-10(g)(1)) thereof.

4. The Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. §1331.

10920600.111-2/24/2006

5. Venue is proper in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. §1391(b). All of the wrongs alleged in this complaint occurred in substantial part in this District, including the damage incurred by Plaintiff as a result of Defendant's conduct. Venue is proper in the Northern District of California as Defendant is subject to personal jurisdiction at the time the action was commenced.

**GENERAL ALLEGATIONS**

6. Plaintiff AWG, Ltd. is a public company subject to the Securities Exchange Act of 1934 [hereinafter "the Act"].

7. Defendant Standard operates as both a "Transfer Agent" and "Registrar." Generally, a Transfer Agent maintains and updates the Master Securityholder File, which is the official list of individual security holder accounts for the issuer while a Registrar maintains a record or document that identifies the total number of shares or the principal dollar amount authorized and issued by the issuer.

8. As part of its obligation as Transfer Agent and Registrar, Standard is required to maintain an accurate and complete list of outstanding shares and shareholders, also known as a "Master Securityholder File."

9. During the time period at issue, Defendant Standard acted as AWG's Transfer Agent/Registrar and was responsible for maintaining an accurate and complete Master Securityholder File.

10. On or about June 24, 1996, Defendant Standard issued Stock Certificate Number 5266 [hereinafter the "Stock Certificate"] to Cede & Co., for 200,000 common shares. A true and correct copy of Stock Certificate Number 5266 is attached hereto and incorporated herein as Exhibit "A."

11. In or about August, 1998, AWG elected to terminate its relationship with Standard, and subsequently retained the services of Computershare Trust Company, Inc., [hereinafter "Computershare"] to serve as AWG's Transfer Agent and Registrar.

12. As part of the transition process between Standard and Computershare, Standard was required to provide Computershare with any and all documents, records, and stock certificates

pertaining to AWG's corporate books, including but not limited to Standard's Master Securityholder File for AWG.

13. On or about September 14, 2005, AWG effectuated a 1-for-20 reverse stock split.

14. Subsequent to the September 14, 2005 reverse stock split, Cede & Co., presented the Stock Certificate to Computershare in exchange for a post-reverse split certificate.

15. Upon receipt of the Stock Certificate from Cede & Co., Computershare attempted to locate this certificate on the Master Securityholder File received from Standard.

16. Despite conducting an extensive search, Computershare was unable to locate either an open penalty surety bond covering the issuance, or the physical transfer records substantiating the issuance. See Exhibit "B" attached hereto and incorporated herein.

17. That as a result of being unable to locate the transfer records, AWG's Master Securityholder File is out of balance [also referred to as an "overissuance"] by 10,000 post split shares and until the transfer records maintained by Standard are located, Computershare is unable to issue dividend payments or conduct a re-organization of its capital.

18. It has been determined the overissuance was caused as a result of Standard's failure to modify the Master Securityholder File to include the shares issued by the Stock Certificate.

19. That on or about November 15, 2005 and December 1, 2005, AWG notified Standard of the overissuance and demanded Standard cure the defect pursuant to SEC Reg. §240.17Ad-10(g)(1) (17 C.F.R. §240.17Ad-10(g)(1)). See Exhibit "C" attached hereto and incorporated herein.

20. Specifically, SEC Reg. §240.17Ad-10(g)(1) (17 C.F.R. §240.17Ad-10(g)(1)) states in part that "A registered transfer agent, in the event of any actual physical overissuance that such transfer agent caused and of which it has knowledge, shall, within 60 days of the discovery of such overissuance, buy in securities equal to the number of shares in the case of equity securities."

21. On or about December 2, 2005, Standard rejected AWG's request to "buy-in" the requisite number of shares in order to bring the Master Securityholder File in balance. See Exhibit "D" attached hereto and incorporated herein.

22. On or about December 21, 2005, AWG again notified Standard of the overissuance

and demanded Standard either produce the records at issue, or buy-in the requisite number of shares in order to cure the defect. See Exhibit "E" attached hereto and incorporated herein..

23. That despite repeated demands, Standard has refused to buy-in the outstanding shares or produce the records at issue that would resolve this defect.

**COUNT I**

**FAILURE TO COMPLY WITH SEC Reg. § 240.17Ad-10(g)(1) (17 C.F.R. § 240.17Ad-10(g)(1))**

24. AWG refers to and incorporates paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. On or about October 5, 2005, AWG was informed by its current Transfer Agent/ Registrar Computershare that its Master Securityholder File was out of balance by 10,000 post split shares.

26. It has been determined the overissuance was caused as a result of Standard's failure to modify the Master Securityholder File prior to the date when Computershare assumed the role of AWG's Transfer Agent and Registrar.

27. That on or about November 15, 2005 and December 1, 2005, AWG notified Standard of the overissuance and demanded Standard cure the defect pursuant to SEC Reg. §240.17Ad-10(g)(1)(17 C.F.R. §240.17Ad-10(g)(1)). See Exhibit "C."

28. Pursuant to SEC Reg. §240.17Ad-10(g)(1)(17 C.F.R. §240.17Ad-10(g)(1)) Standard is required within 60 days of the discovery of the overissuance to buy in securities equal to the number of shares in the case of equity securities.

29. On or about December 2, 2005, Standard rejected AWG's request to "buy-in" the requisite number of shares in order to bring the Master Securityholder File in balance. See Exhibit "D."

30. On or about December 21, 2005, AWG again notified Standard of the overissuance and demanded Standard either produce the records at issue, or buy-in the requisite number of shares in order to cure the defect.

31. More than 60 days has elapsed since the discovery of the overissuance and Standard

has failed to buy in securities equal to the number of shares.

32. As a direct and proximate result of Standard's failure to cure the overissuance, AWG has suffered damages, to wit: AWG is precluded from issuing dividend payments, conducting a re-organization of its capital and its corporate stock records continue to remain out of balance.

WHEREFORE, Plaintiff prays for relief against Defendant, as follows:

1. Determine Standard to be in violation of SEC Reg. §240.17Ad-10(g)(1)(17 C.F.R. §240.17Ad-10(g)(1));

2. Require Standard to buy in securities equal to the number of shares in the case of equity securities or in the alternative, compensate AWG in an amount commensurate with the value of the outstanding shares;

3. Order Standard to reimburse AWG interest, costs, attorneys' fees, and charges, as provided by law and/or contract;

4. Grant AWG such other relief as the Court deems equitable and just.

DATED: February 23, 2006

GAW, VAN MALE, SMITH, MYERS & MIROGLIO

By____________________________
BRUCE A. MIROGLIO
Attorneys for Plaintiff, AWG, LTD.

117

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT
INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA

NUMBER

SHARES
**200,000**

# AWG, Ltd.

00244W105

AUTHORIZED: 50,000,000 SHARES
PAR VALUE $.001

THIS CERTIFIES THAT **CEDE & CO.**

*IS THE RECORD HOLDER OF* **TWO HUNDRED THOUSAND**

**AWG, Ltd.**

*transferable on the books of the Corporation in person or by duly authorized attorney upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.*

*Dated:* JUNE 24, 1996

SECRETARY

AWG, Ltd. CORPORATE Seal NEVADA

PRESIDENT

Countersigned Registered
STANDARD REGISTRAR & TRANSFER CO., INC.
12528 SOUTH 1840 EAST
Draper, UT 84020

By ____________
Authorized Signature

EXHIBIT A

Computershare

Investor Services

Computershare Trust Company, Inc.
350 Indiana Street Suite 800
Golden Colorado 80401
Telephone 303 262 0600
Facsimile 303 262 0700
www.computershare.com

USA
Australia
Canada
Channel Islands
Germany
Hong Kong
Ireland
New Zealand
South Africa
United Kingdom

October 5, 2005

AWG Ltd.
1668 Telegraph Road Suite 200
Bloomfield Hills, CA 98302
Attn: Joe Antonini

Re: AWG Ltd.

Dear Mr. Antonini,

Computershare Trust Company Inc. as your Transfer Agent would like to inform you that your Master Securityholder File is out of balance by 10,000 post split shares. This overissuance occurred on June 24, 1996 as a result of an error by the prior transfer agent.

It is the goal of Computershare Trust Company Inc. to provide you with an accurate register of your shareholders. This discrepancy not only precludes us from achieving our goal on a day to day basis, but causes ongoing complications when we perform a corporate action on your behalf, such as a dividend payment or a re-organization of capital.

Generally, within 60 days from the discovery of an error that causes an overissuance, Federal Securities Law requires a transfer agent to buy-in physical securities on the market, then cancel them to rectify the imbalance. However in this circumstance, a transfer agent is provided relief from buying-in, as a prior agent was responsible for the error that caused the overissuance. As an alternative, the law places onus on the issuer to follow up a claim with the prior agent, or rectify the imbalance by either physically buying-in the shares on the market, or increasing the outstanding shares of the company.

We look forward to receiving instructions from you on how we can assist you in rectifying this problem. Please feel free to discuss this further with myself at (303) 262-0600 ext. 4706.

Very truly yours,

Kellie Gwinn
Vice President
KG/tl

EXHIBIT B

FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC
ATTORNEYS AND COUNSELLORS

HENRY WINEMAN

ALSO ADMITTED IN PENNSYLVANIA

November 15, 2005

**VIA UPS NEXT DAY AIR**

Standard Registrar & Transfer Co., Inc.
12528 South 1840 East
Draper, Utah 84020

Re: AWG, Ltd.

Dear Sir or Madam:

Please be advised this firm serves as legal counsel to AWG, Ltd. In that regard, we have been provided with a copy of the enclosed letter from Computershare Investor Services, the transfer agent for AWG, informing our client that their Master Securityholder File is out of balance by 10,000 post split shares. AWG effectuated a 1-for-20 reverse stock on September 14, 2005. According to Computershare, this overissuance occurred on June 24, 1996 as a result of an error by your company.

Please contact the undersigned immediately to discuss rectifying this imbalance as soon as possible.

Sincerely,

FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC

Henry Wineman

HW/mbm
Enclosure
cc: Mr. Joseph Antonini – w/encs.

/hw/awg/11.15.05 Standard Registrar ltr

1668 TELEGRAPH ROAD • SUITE 200
BLOOMFIELD HILLS, MI 48302
TELEPHONE 248.334.6767 FAX 248.334.0999
E-MAIL HW@FRASCAP.COM
WWW.FRASCAP.COM



FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC

ATTORNEYS AND COUNSELLORS

HENRY WINEMAN

ALSO ADMITTED IN PENNSYLVANIA

December 1, 2005

**VIA FACSIMILE**
**AND U.S. MAIL**
**(801) 571-2551**

Mr. Ron Harrington
Standard Registry & Transfer Co., Inc,
12528 South 1840 East
Draper, Utah 84020

Re: AWG, Ltd.

Dear Mr. Harrington:

As stated in my previous correspondence dated November 15, 2005, this office represents AWG, Ltd., (hereinafter "AWG"). You will recall from our phone conversation that my client was recently advised by Computershare Trust Company, Inc., (AWG's current transfer agent) that its Master Securityholder File is out of balance by 10,000 post split shares.

The stock certificate in question is Number 5266, at 200,000 shares, registered in the name of Cede & Co., issued by Standard Registrar and Transfer Co., Inc., (hereinafter "Standard") on June 24, 1996. This particular stock certificate was presented for transfer to Computershare and that said certificate was not listed on the certified Master Securityholder file provided to Computershare by Standard. Computershare has completed its research, and despite its best efforts, has been unable to locate either an open penalty surety bond covering the issuance, or the physical transfer records substantiating the issuance.

Therefore, this letter serves as AWG's formal request that Standard produce and deliver any and all records that substantiate the issuance of stock certificate Number 5266 at 200,000 shares registered in the name of Cede & Co. If you are unable to produce these particular documents, demand is hereby made that you "buy-in" the shares pursuant to SEC Reg. §240.17Ad-10(g)(1).

SEC Reg. §240.17Ad-10(g)(1) states in relevant part that:

1668 TELEGRAPH ROAD • SUITE 200
BLOOMFIELD HILLS, MI 48302
TELEPHONE 248.334.6767 FAX 248.334.0999
E-MAIL HW@FRASCAP.COM
WWW.FRASCAP.COM

EXHIBIT C

Mr. Ron Harrington
December 1, 2005
Page 2

> "**A registered transfer agent, in the event of any actual physical overissuance that such transfer agent caused and of which it has knowledge, shall, within 60 days of the discovery of such overissuance, buy in securities equal to the number of shares in the case of equity securities or the prinicapl dollar amount in the case of debt securities**. During the sixty-day period, the registered transfer agent shall devote diligent attention to resolving the overissuance and recovering the certificates. **This paragraph requires a buy-in only by the transfer agent that erroneously issued the certificate(s) giving rise to the physical overissuance**, and applies only to those physical overissuances created by transfers or issuances subsequent to September 30, 1983." [Emphasis added]

So there is no misunderstanding, we are requesting that either you produce the records, or buy-in the requisite number of shares and provide written verification of such purchase by the close of business on Friday, December 9, 2005.

If you are unwilling to address this issue in a reasonable and responsible manner, this office will have no other option than to pursue more formal measures to protect AWG's substantive legal interests, including, but not limited to, notification of the Securities and Exchange Commission and the filing of a lawsuit seeking monetary damages, and both equitable and injunctive relief to recover the outstanding shares.

Thank you for your anticipated cooperation in this matter.

Sincerely,

FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC

Henry Wineman

HW/mbm
cc: Joseph E. Antonini (Via Facsimile Only)
Kellie Gwinn (Via Facsimile Only)

/hw/awg/12.01.05 Standard Registrar Ltr

EXHIBIT C

# Standard Registrar & Transfer Company, Inc.

12528 South 1840 East • Draper, Utah 84020 • 801-571-8844 • Fax: 801-571-2551

December 2, 2005

Henry Wineman
Via Facsimile: 248-334-0999

Dear Mr. Wineman,

Please note that the SEC requires the transfer agent to "During the sixty-day period, the registered transfer agent shall **devote diligent attention** to resolving the over issuance and recovering the certificates."

Because your client has all the records this diligent attention would fall on them. The question I have is what kind of search have they made? I do not think there is an over issue problem. If we over issued we would be out of balance, and if Depository Trust Company received too many shares they would have notified us. Have your clients discussed this problem with Depository Trust?

Sincerely,

Ronald P. Harrington

EXHIBIT D

FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC
ATTORNEYS AND COUNSELLORS

HENRY WINEMAN

ALSO ADMITTED IN PENNSYLVANIA

December 21, 2005

**VIA FACSIMILE AND U.S. MAIL**
**(801) 571-2551**

Mr. Ron Harrington
Standard Registry & Transfer Co., Inc,
12528 South 1840 East
Draper, Utah 84020

Re: AWG, Ltd.

Dear Mr. Harrington:

Please accept this letter in response to your correspondence dated December 2, 2005.

Your claim that "diligent attention" to resolve the over-issuance would be Computershare's obligation is not correct. The certificate at issue was caused by Standard Registrar & Transfer Company, Inc., ("Standard"), not Computershare. The SEC regulations are very clear on this issue and specifically mandate the manner in which the over-issuance is to be remedied. It is our position that one or more certificates were presented to Standard for cancellation with instructions to issue the shares to Cede & Co. Standard subsequently issued the certificate, but neglected to post the debit or credit information into their system and the master security holder file as required by the SEC. Without this information, Computershare is unable to research or resolve this error made by Standard.

Assuming *arguendo* that Computershare is the party required to devote diligent attention to resolving the discrepancy, we have fulfilled this obligation. At the time of their appointment, Computershare has no record of having ever received any transfer records from Standard. Several attempts (both at the time of appointment and several months ago) were made by Computershare to receive these documents, however no response was ever received.

1668 TELEGRAPH ROAD • SUITE 200
BLOOMFIELD HILLS, MI 48302
TELEPHONE 248.334.6767 FAX 248.334.0999
E-MAIL HW@FRASCAP.COM
WWW.FRASCAP.COM

EXHIBIT E

Finally, Computershare has exhausted the resolution of this matter with Depository Trust Company ("DTC"). When this issue first arose, Computershare contacted DTC and was advised that records of this nature are kept for a period of five years. Since the certificate in question was issued in 1996, it is no longer available for review. It was also confirmed by DTC that their records indicate the shares are in balance.

Based on the above, AWG, Inc. is again renewing its request that Standard either produce the records at issue, or buy-in the requisite number of shares and provide written verification of such purchase by the close of business on Friday, December 30, 2005.

Thank you for your anticipated cooperation in this matter.

Sincerely,

FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC

Henry Wineman

HW/mbm
cc: Joseph E. Antonini (Via Facsimile Only)
Kellie Gwinn (Via Facsimile Only)

/hw/awg/12.21.05 Standard Registrar Ltr

EXHIBIT E