DILLINGHAM & MURPHY, LLP
ANDREW M. WOLFE (SBN 114076))
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:   (415) 397-2700
Facsimile:    (415) 397-3300

Attorneys for STANDARD REGISTRAR
& TRANSFER COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AWG, LTD., <br><br> Plaintiff, <br><br> v. <br><br> STANDARD REGISTRAR & TRANSFER COMPANY, INC., <br><br> Defendant | Case No. C 06 1521 SBA <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

Plaintiff AWG, Ltd. and Defendant Standard Registrar & Transfer Company, Inc. (the "Parties"), through their respective counsel, stipulate and agree that certain information has been sought and/or will be sought in this action from and by the Parties during the course of discovery that one or more of the Parties or third parties may claim is or contains confidential or proprietary business or financial information. To regulate the disclosure and use of such information while facilitating discovery, the parties further stipulate and hereby request that the Court enter the following protective order:

IT IS HEREBY ORDERED WITH THE CONSENT OF THE PARTIES AS FOLLOWS:

1.      This order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents [both formal and informal], answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the

Page 1 – CASE NO. C 06 1521 SBA
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Federal Rules of Civil Procedure, including materials subpoenaed from and produced by third-parties, as well as testimony adduced at trial and other materials which the disclosing party designates as "CONFIDENTIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action. Such materials, as well as all copies, excerpts or summaries therefrom and all information derived therefrom, are referred to herein as CONFIDENTIAL Materials.

2. In designating materials as "CONFIDENTIAL," a party shall make such a designation only as to materials which that party in good faith believes contain confidential information that should not be disclosed to the general public or could cause competitive harm if disclosed to third parties. This shall not preclude a party from seeking a protective order as to other categories of documents pursuant to the Federal Rules of Civil Procedure.

3. All information obtained through discovery or otherwise disclosed in this litigation, including information disclosed by third-parties to this litigation, shall be used by the parties to this litigation solely for the purpose of conducting this litigation, and not for any other purpose whatsoever.

4. CONFIDENTIAL Materials may be disclosed only to the following persons:

   a. any counsel working on this action on behalf of any party and all legal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel;

   b. any person not employed by a party or supplier, competitor or customer of a party, who is designated as an expert and expressly retained by any counsel described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

   c. any person who authored the CONFIDENTIAL Materials, or who produced the CONFIDENTIAL Materials in discovery;

   d. the Court; and

   e. any other person to whom the Court shall order disclosure upon the filing of the appropriate motion and/or hearing.

1  The persons described in paragraph 4(b) shall not have access to the "CONFIDENTIAL" Materials
2  until they have certified in writing that they have read this Order and have agreed to be bound by
3  its terms.
4      5.    Each individual who receives any CONFIDENTIAL Materials hereby agrees to
5  subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings
6  relating to the performance under, compliance with or violation of this Order.
7      6.    The recipient of any CONFIDENTIAL Materials provided under this order shall
8  maintain such Materials in a secure and safe area and shall use its best efforts to maintain the
9  confidentiality of such Materials.
10     7.    Parties shall designate CONFIDENTIAL Materials as follows:
11     a.    in the case of documents, interrogatory answers and responses to requests
12 for admissions, designation shall be made by placing the following legend, as appropriate, on any
13 such document, or, at the disclosing party's option, on the first page of such document, prior to
14 production: "CONFIDENTIAL".
15     b.    in the case of depositions, designation of those transcripts (including
16 exhibits) which contain CONFIDENTIAL Materials shall be made by a statement to such effect on
17 the record during the course of the deposition by counsel for the party which furnished
18 CONFIDENTIAL Materials to which the deponent has had access, or by counsel for the deponent,
19 or in writing, within ten days of receipt of the transcript of the deposition, stating what portions of
20 the transcript are deemed CONFIDENTIAL.
21     c.    During discovery, a party furnishing documents and things to another party
22 shall have the option to require that all or batches of documents and things be treated as
23 CONFIDENTIAL during inspection and to make its designations of particular documents and
24 things pursuant to paragraph (a) of this section at the time copies of documents and things are
25 produced or furnished.
26     8.    Nothing contained in this order shall affect the right of any party to make any
27 objection, claim privilege, or otherwise contest any request for production of documents,
28 interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules

of Civil Procedure or the Federal Rules of Evidence. Nothing in this order shall constitute an admission or waiver of any claim or defense by any party.

9. In the event that any CONFIDENTIAL Materials are used in any court proceeding in connection with this litigation, they shall not lose their CONFIDENTIAL status through such use, and the parties and the Court shall take all steps reasonably required to protect its confidentiality during such use. If CONFIDENTIAL Materials are used at a hearing or at trial, all portions of the transcripts and exhibits that refer or relate to such materials shall be treated as CONFIDENTIAL pursuant to the provisions of this Order.

10. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda which may reproduce, paraphrase or refer to CONFIDENTIAL Materials. The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

11. Nothing in this order shall preclude any party to the lawsuit or its counsel: (a) from showing a document designated as CONFIDENTIAL to an individual who either prepared or reviewed the document prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which that party itself has designed as CONFIDENTIAL.

12. Within thirty (30) days after the termination of litigation between the parties, all CONFIDENTIAL Materials, and all copies thereof, shall upon request be returned to the party who produced such materials (provided that the requesting party bears the cost of returning the documents), or otherwise such materials shall be destroyed and a certification of destruction shall be provided to the producing party upon request.

13. The parties agree to be bound by the terms of this Stipulation and Protective Order as of June 21, 2006, regardless of whether the Court has so ordered.

14. This Order shall be binding on the successors and assigns of the Parties.

STIPULATED:

DATED: June 21, 2006

FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC

By: /s/ Christian Hauser
J. Christian Hauser
Attorneys for Plaintiff AWG, LTD.

DATED: June 22, 2006

DILLINGHAM & MURPHY, LLP

By: /s/ Andrew M Wolfe
Andrew M. Wolfe
Attorneys for Defendant STANDARD
REGISTRAR & TRANSFER COMPANY, INC.

APPROVED AND SO ORDERED:

DATED: July 7, 2006

/s/ Bernard Zimmerman
The Honorable Saundra B. Armstrong
UNITED STATES ~~DISTRICT JUDGE~~
MAGISTRATE

IT IS SO ORDERED
Judge Bernard Zimmerman
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Page 5 – CASE NO. C 06 1521 SBA
STIPULATION AND [PROPOSED] PROTECTIVE ORDER